```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


RENEA WELLS-DARDEN,            )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:08 cv 351
                               )
BRADY'S THIS IS IT, INC.,      )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 14] filed by the defendant, Brady's This Is It, Inc., on August 28, 2009. For the following reasons, this motion is **GRANTED.**

Background

*Pro se* plaintiff Renea Wells-Darden, was employed as a cashier and retail clerk by Brady's from June 6, 2006, through February 11, 2007. Brady's is a clothing and general products retail store located in Gary, Indiana. Wells-Darden's daily employment duties included, but were not limited to, cashier, stocking shelves, lifting inventory of weight more than five pounds, lifting customer's bags of weight more than five pounds, and lifting work items and inventory overhead. On February 1, 2007, Wells-Darden's physician advised her that she needed to undergo surgery on February 13, 2007, to treat her rheumatoid arthritis and that she would miss approximately six to eight weeks of work. Wells-Darden notified her employer the same day, providing Brady's with a 12 day notice of her impending absence.

After Wells-Darden's surgery, her physician permanently restricted her from lifting more than five pounds. Wells-Darden notified Brady's of this restriction several weeks after her surgery through written notice from her physician. In April 2007, Brady's advised Wells-Darden that it was suspending her employment because she was unable to fulfill the requirements of her past position as cashier and it had no other employment position that would accommodate her restriction.

Wells-Darden filed a grievance with her union after being terminated, but the union did not pursue the claim. She then filed a charge of discrimination against Brady's with the Equal Employment Opportunity Commission ("EEOC") on June 6, 2007, alleging that she was discriminated against based on her disability in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a dismissal and notice of right to sue to Wells-Darden on September 9, 2008. The letter advised Wells-Darden that it was unable to conclude that the information established a violation of the ADA and that she had 90 days to file suit in federal or state court should she choose to pursue a claim.

On December 8, 2008, 91 days after Wells-Darden received the notice from the EEOC, she filed her employment discrimination complaint in this court, alleging that Brady's violated the ADA by suspending her employment. Brady's filed this motion for summary judgment on August 28, 2009, seeking dismissal on the grounds that Wells-Darden did not timely file her complaint and is not a qualified individual within the meaning of the ADA.

That same day, Brady's sent Wells-Darden a notice informing her of the consequences of failing to respond to its motion for summary judgment. Wells-Darden did not respond.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ***Williams v. Excel Foundry & Machine, Inc.***, 489 F.3d 309, 310 (7th Cir. 2007); ***Treadwell v. Office of the Illinois Secretary of State***, 455 F.3d 778, 781 (7th Cir. 2006); ***Branham v. Snow***, 392 F.3d 896, 901 (7th Cir. 2004). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. ***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); ***Lawrence v. Kenosha County***, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); ***Ballance v. City of Springfield, Illinois Police Department***, 424 F.3d 614, 616 (7th Cir. 2005); ***Hottenroth v. Village of Slinger***, 388 F.3d 1015, 1027 (7th Cir. 2004); ***Palmer v. Marion County***, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information

before the court reveals a good faith dispute as to inferences to be drawn from those facts. ***Spiegula v. Hull***, 371 F.3d 928, 935 (7th Cir. 2004); ***Hines v. British Steel Corporation***, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." ***Roger v. Yellow Freight Systems, Inc.***, 21 F.3d 146, 148 (7th Cir. 1994). See also ***Miller v. Borden, Inc.***, 168 F.3d 308, 312 (7th Cir. 1999); ***Plair v. E.J. Brach & Sons, Inc.***, 105 F.3d 343, 346 (7th Cir. 1997); ***United Association of Black Landscapers v. City of Milwaukee***, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

See also ***Scott v. Harris***, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

4

that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Branham*, 392 F.3d at 901; *Lawrence*, 391 F.3d at 841; *Hottenroth*, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

"As a *pro se* litigant, [a][p]laintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney." *Cintron v. St. Gobain Abbrassives, Inc.*, 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." *Lee v. Wal-Mart Stores*, 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994). The court has

> never suggested that procedural rules in ordinary civil litigation would be interpreted so as to excuse mistakes by those who proceed without counsel, [and][a]s we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."
>
> *Lee*, 1994 WL 899240 at *1 (*quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980))

As an initial matter, the defendant must warn a *pro se* plaintiff of the consequences of failing to respond to a summary judgment motion. ***Timms v. Frank***, 953 F.2d 281, 285 (7th Cir. 1992). The notice must include a short statement informing the plaintiff that all factual assertions made by the defendant will be taken as true should the plaintiff fail to respond. *Id*. Here, Brady's served a proper *Timms* notice to Wells-Darden on August 28, 2009. Pursuant to Local Rule 56.1(a), Wells-Darden had 30 days to respond. The 30-day period expired on September 28, 2009, without a response from Wells-Darden. Thus, she has waived her right to contest Brady's motion for summary judgment.

Despite Wells-Darden's inaction, the court still must determine whether Brady's is entitled to summary judgment as a matter of law. The ADA requires claimants first to exhaust their administrative remedies before they can initiate an action in state or federal court. ***Flannery v. Recording Industry Ass'n of America***, 354 F.3d 632, 637 (7th Cir. 2004); 29 U.S.C. §12101 *et seq*. The claimant first must file with the EEOC and wait until the EEOC decides to either pursue her claim or issues a dismissal notice, giving the claimant the right to sue. ***Flannery,*** 354 F.3d at 637. This notice provides the claimant with 90 days to file her claim in court. 42 U.S.C. §2000e-5(f)(1). If the complaint is not filed within the 90-day period, "absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the 90-day period, the [ADA] action is time barred." ***Anooya v.***

6

***Hilton Hotels Corp.***, 733 F.2d 48, 49 (7th Cir. 1984) (dismissing plaintiff's Title VII suit because it was filed on the 91st day).

Wells-Darden was issued a Dismissal Notice on September 9, 2008, and filed her complaint on December 8, 2008, 91 days after her receipt of the EEOC's dismissal notice. She has failed to raise any special circumstances that would give rise to waiver, estoppel, or equitable tolling. Accordingly, Wells-Darden's complaint is untimely and must be dismissed.

Additionally, the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual . . . ." 42 U.S.C. §12112(a). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions" of the job. 42 U.S.C. §12111(8). In determining whether the claimant is qualified, the court must consider the essential job functions, restricting the inquiry to those functions that must be performed. H.R. Rep. No. 101-485, 101st Cong., 2nd Sess. 3 (1990). A job function may be considered essential to the job if the positions exists to perform the function or the number of available employees to whom performance of the function may be distributed is limited. 29 C.F.R. §1630.2(n)(2). The court will consider, among other things, the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, and whether positions not incorporating the function are available to new hires.

Since Wells-Darden did not respond to Brady's motion for summary judgment, the facts as presented by Brady's must be taken as true.  Brady's represents that lifting five pounds was essential to all employment positions.  Accordingly, Wells-Darden cannot perform the essential job functions of the position she held and is not a "qualified individual" under the ADA.

_____

For the foregoing reasons, the Motion for Summary Judgment [DE 14] filed by the defendant, Brady's This Is It, Inc., on August 28, 2009, is **GRANTED**.

ENTERED this 12th day of March, 2010


                                             s/ ANDREW P. RODOVICH
                                               United States Magistrate Judge